**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-23-01173-PHX-MTL<br><br>**ORDER** |

At issue is the denial by the Social Security Administration of Plaintiff Joshua Smith's application for Title XVI supplemental security income benefits under the Social Security Act. Plaintiff filed a complaint (Doc. 1) with the Court seeking review of his claim. The Court has reviewed the briefs (Docs. 11, 15, 18) and the administrative record (Docs. 7, 8 "A.R."), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

**I.  BACKGROUND**

Plaintiff filed an application for supplemental security income benefits on August 26, 2020, for a period of disability beginning on August 31, 2019.[1, 2] (A.R. at 296.)

---

[1] The ALJ's decision states that Plaintiff filed his application for supplemental security income on July 27, 2020. (A.R. at 22.) The record demonstrates that the correct date is August 26, 2020, so the Court uses that date. (A.R. at 296.)

[2] This is Plaintiff's second application for supplemental security income benefits. His first was denied and the Appeals Council denied review on June 25, 2020. (A.R. at 159-64.) Plaintiff was therefore presumed non-disabled on his current application pursuant to Social Security Acquiescence Ruling 97-4(9), but the ALJ found that he had rebutted that presumption and therefore reached the merits of his application. (A.R. at 24-25.) Defendant does not contest that finding. (*See generally* Doc. 15.)

Plaintiff's claim was initially denied on February 22, 2021 (*id.* at 165-66), and upon reconsideration on September 7, 2021 (*id.* at 190). Thereafter, Plaintiff filed a request for a hearing which was held before the ALJ on February 9, 2022. (*Id.* at 94-117.) On March 8, 2022, the ALJ issued a ruling unfavorable to Plaintiff. (*Id.* at 22-35.) Plaintiff subsequently filed a request for reconsideration, which was denied on April 26, 2023. (*Id.* at 1-7.) Plaintiff now seeks judicial review with this Court pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: degenerative joint disease (left upper extremity), degenerative disc disease, carpal tunnel syndrome, depression, anxiety, and post-traumatic stress disorder. (A.R. at 25.)

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 25-28.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").[3] The ALJ found:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except: Claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. Claimant can sit for 6/8 hours; stand 6/8 hours; walk 6/8 hours. Claimant can never climb ladders; can frequently climb stairs and stoop; and can occasionally kneel, crouch or crawl. Claimant can frequently reach overhead with the left upper extremity and can frequently gross handle, fine finger and fine feel bilaterally. Claimant can have occasional exposure to unprotected heights. Claimant can understand, remember and carryout simple job instructions only and have only occasional interaction with the public, coworkers and supervisors.

(*Id.* at 28.) Based on this RFC, the ALJ found that Plaintiff could not perform any past relevant work. (*Id.* at 33.) But the ALJ found that there were a significant number of jobs

---

[3] Residual functional capacity refers to the most a claimant can still do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

in the national economy that Plaintiff could perform. (*Id.* at 34-35.) Consequently, the ALJ concluded that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (A.R. at 35.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii), (d). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv), (e). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (f). If not, the claimant is disabled. *Id.*

## III.   DISCUSSION

On this appeal, Plaintiff presents new evidence that was not before the ALJ but was before the Appeals Council.[4] (*See* A.R. at 2, 22-35.) The new evidence includes records from his physical therapy treatment and the results of his February 2022 MRI study. (*Id.* at 40-45, 53-68, 72-77, 82-90.) Plaintiff argues that pursuant to sentence six of 42 U.S.C. § 405(g), this case should be remanded for the ALJ to consider this new evidence. (Doc. 11 at 9-11.) Defendant disagrees. (Doc. 15 at 4-7.)

"Under 42 U.S.C. § 405(g), '[r]emand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier.'" *Volk v. O'Malley*, No. 22-16192, 2024 WL 3631153, at *2 (9th Cir. Aug. 2, 2024) (quoting *Wainwright v. Sec'y of Health & Hum. Servs.*, 939 F.2d 680, 682 (9th Cir. 1991) (alteration in original)). New evidence is material if it "'bears directly and substantially on the matter in dispute,' and if there is a 'reasonable possibility that the new evidence would have changed the outcome of the determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health and Hum. Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (cleaned

---

[4] Defendant concedes that the "evidence is before the Court" because it was presented to the Appeals Council. (Doc. 15 at 5; *see also* A.R. at 2); *see also Fuller v. Saul*, No. CV-18-00562-TUC-LCK, 2020 WL 995571, at *2 (D. Ariz. Mar. 2, 2020) ("When the Appeals Council considers new evidence in reaching its determination, that evidence is part of the Administrative Record and this Court must consider it." (citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012)).

up)). "To demonstrate good cause, the claimant must show that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001).

Plaintiff contends that the new evidence is material because it "shows that [his] shoulder condition worsened over the course of the appeals process" and that his "degenerative joint disease had substantially worsened since [an MRI study conducted in January 2020]." (Doc. 11 at 10-11 (cleaned up).) According to Plaintiff, the new evidence undermines the ALJ's basis for determining his RFC. (*Id.*) The ALJ relied upon Dr. Richard Palmer's report, a consultative examiner who opined on Plaintiff's ability to work. (A.R. at 30-31, 33.) Plaintiff asserts that Dr. Palmer's opinion was outdated when the ALJ's unfavorable decision issued because his physical therapy records document increased functional limitations and his February 2022 MRI shows that his degenerative joint disease had worsened since the January 2020 MRI upon which Dr. Palmer relied. (Doc. 11 at 10-11.)

Defendant responds that the new evidence does not undermine the ALJ's reasoning. (Doc. 15 at 4-7.) He notes that the new evidence documents a slight reduction in Plaintiff's left and right neck rotation and includes reports of decreased neck pain. (A.R. at 76, 773.) He argues that the MRI results are not material because they "cannot show the functional limitations caused by the diagnosed condition. The diagnostic severity of Plaintiff's shoulder osteoarthritis may have increased, but that [does] not establish that Plaintiff's functional limitations increased. Indeed, according to Plaintiff, his back and shoulder pain *decreased* at the same time as the MRI." (Doc. 15 at 6-7 (emphasis in original) (citing A.R. at 84).)

The Court finds that the new evidence is material because it bears directly and substantially on Plaintiff's claim of disabling degenerative joint disease and there is at least a reasonable possibility that it would have changed the outcome of the determination. In defining Plaintiff's RFC, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (A.R. at 29 (cleaned up).)

The ALJ specifically relied upon Dr. Palmer's report and credited it as "persuasive" and "supported . . . with explanations and . . . consistent with his own examination notes and the record as a whole." (*Id.* at 33.) Plaintiff is correct that the new evidence demonstrates that Dr. Palmer's opinion was based on outdated data regarding Plaintiff's condition.

For example, Plaintiff's physical therapy treatment records document a marked increase in his functional limitations since his examination with Dr. Palmer. The range of motion in his left shoulder had decreased from 170/180 to 150/180 degrees flexion. (*Compare id.* at 773 *with id.* at 86.) He also reported burning pain in his left shoulder that was aggravated when he lifted his arm, reached overhead, reached behind his back, or pushed. (*Id.* at 86.) Defendant's focus on Plaintiff's neck condition has little, if any, relevance to whether this worsening of Plaintiff's shoulder condition is material.

The February 2022 MRI further corroborates Plaintiff's recorded functional limitations and reports of pain. The MRI results show that Plaintiff's mild AC joint arthrosis had become severe osteoarthritis of the left AC joint with severe stress response. (*Id.* at 90.) They specifically note that Plaintiff's condition had worsened compared to the January 2020 MRI and that his worsened condition may generate pain. (*Id.*) Defendant's attempt to discount the February 2022 MRI by arguing that it cannot be material because it does not, on its own, show functional limitations is dubious. Defendant cites no authority for the proposition. Moreover, the argument ignores the evidence of functional limitations present in Plaintiff's records from his physical therapy treatment.

The Court also finds that Plaintiff has demonstrated good cause for not presenting the evidence to the ALJ because the evidence was unavailable prior to the ALJ's unfavorable decision. Most of the evidence did not exist prior to the hearing, and Plaintiff avows that, due to the "delay inherent in the generation of medical records and the time it takes to obtain them from providers, there was no way to gather [the new evidence] prior to the issuance" of the unfavorable decision. (Doc. 11 at 10.) The Court finds that explanation persuasive.

Because Plaintiff has presented "evidence that is material to determining disability,

and [demonstrated that] there is good cause for [his] failure to produce the evidence earlier," *Volk*, 2024 WL 3631153, at *2 (internal quotation marks and citation omitted), the case will be remanded to the ALJ for consideration of the new evidence. *See Wainwright*, 939 F.2d at 682-83 (remanding for consideration of new evidence where the plaintiff presented the results of a new MRI scan which may have provided a medical basis for the plaintiff's allegations of disabling pain). As a result, the Court need not address Plaintiff's additional argument that the ALJ failed to articulate clear and convincing reasons for rejecting his symptom testimony. (Doc. 11 at 11-14.)

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** reversing the March 8, 2022, decision by the Administrative Law Judge (A.R. at 22-35) and remanding this case to the Administration for further administrative proceedings consistent with this decision.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 16th day of August, 2024.

Michael T. Liburdi
United States District Judge